UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JILL B. COLON,<br>　　　　Plaintiff,<br><br>v.<br><br>COMMONWEALTH ANNUITY AND<br>LIFE INSURANCE COMPANY (f/k/a<br>Allmerica Financial Life and Annuity<br>Company, f/k/a SMA Life Assurance<br>Company); and METROPOLITAN<br>LIFE INSURANCE COMPANY,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     Case No. 3:08-CV-00079 (PCD) |

## **RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants Commonwealth Annuity and Life Insurance Company ("Commonwealth") and Metropolitan Life Insurance Company ("MetLife") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts Two and Four of Plaintiff Jill Colon's Complaint. For the reasons that follow, Defendants' Partial Motion to Dismiss [Doc. No. 11] is **denied**.

**I.     Background**

Taking the allegations in the Complaint as true for purposes of the Motion to Dismiss, the facts are as follows. On or about December 1, 1986 and March 10, 1988, a predecessor company of Defendant Commonwealth issued "disability income policies of insurance with riders" to Plaintiff. (Compl. ¶ 1.) The policies are administered on behalf of Commonwealth by Defendant MetLife. (Compl. ¶ 2.) Plaintiff has paid and continues to pay premiums to Defendants for the policies, and she has fulfilled all conditions of the policies. (Compl. ¶ 3-4.) After the policies were issued, Plaintiff suffered a disability, which is ongoing, and which prevents her from engaging in her regular occupation. (Compl. ¶ 5.) Plaintiff filed claims under the policies, and Defendants have refused to pay the benefits due to her for her disability, causing her to suffer

damages. (Compl. 6-7.) The forgoing constitutes Plaintiff's claim for breach of contract as to Defendant Commonwealth (Count One) and Defendant MetLife (Count Three). Defendants have not moved to dismiss the breach of contract claim.

Plaintiff also makes a claim for breach of the implied covenant of good faith and fair dealing with respect to Defendant Commonwealth (Count Two) and Defendant MetLife (Count Four). In addition to the incorporating the facts above, Counts Two and Four also set forth the following allegations:

> "Commonwealth, through defendant MetLife as its administrator, with reckless indifference to the plaintiff, and in bad faith, ignored and failed to take into consideration:
> (a) all of the plaintiff's medical records concerning her disability;
> (b) all of the facts and circumstances concerning the plaintiff's disability; and
> (c) all of the facts and circumstances concerning the plaintiff's occupation."
> (Compl. Count Two, ¶ 8.)[1]

Defendants argue that "the factual and legal allegations in the complaint, even construed most favorably for plaintiff, are insufficient as a matter of law to state valid claims against Defendants" for breach of the implied covenant of good faith and fair dealing. (Memo. Supp. Mot. to Dismiss at 1.)

## II. Standard of Review

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must

---

[1] Count Four ¶ 8 is the same as Count Two ¶ 8, except that the first section of Count Four ¶ 8 instead states: "Metlife, as administrator for Commonwealth, purposefully, with reckless indifference to the plaintiff, and in bad faith, ignored and failed to take into consideration" and then lists the same three factors.

accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65; see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (declining to read Twombly's 'flexible plausibility standard' as relating only to antitrust cases). In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

**III.    Discussion**

Defendants move to dismiss Counts Two and Four, which allege breach of the covenant of good faith and fair dealing as to Commonwealth and MetLife, respectively, on the basis that Plaintiff has failed to state a claim upon which relief can be granted. Under Connecticut law, "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain Gen. Hosp., 239 Conn. 574, 598 (1996) (internal quotation marks omitted); Landry v. Spitz, 102 Conn. App. 34, 46 (2007). "The covenant of good faith and fair dealing

presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." De La Concha of Hartford, Inc. v. Aetna Life Ins. Co., 269 Conn. 424, 433 (2005) (internal quotation marks omitted). "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." Id. (internal quotation marks omitted). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence; it involves a dishonest purpose." Habetz v. Condon, 224 Conn. 231, 237-38 (1992).

Plaintiff has done more than merely recite the elements of the claim for breach of the implied covenant of good faith and fair dealing. In addition to specifically alleging "bad faith," she has also contended, albeit generally, that Defendants intentionally "ignored" or disregarded her medical records and relevant facts regarding her occupation and disability in making their decision on her claim under the disability policies. It is not clear from the complaint that there are no circumstances fitting this description that would be so egregious and demonstrative of dishonest purpose as to show bad faith on the part of Defendants and thereby make out a claim for breach of the implied covenant of good faith and fair dealing. A motion to dismiss is not the place to assess the strength of Plaintiff's case or the likelihood of her prevailing. The Court considers only whether she has sufficiently pled a claim pursuant to Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the

pleader is entitled to relief." Plaintiff has narrowly met that standard here.

**IV.     Conclusion**

For the reasons stated above, Defendants' Partial Motion to Dismiss [Doc. No. 11] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this 21st day of May, 2008.

                                        /s/
                                    Peter C. Dorsey, U.S. District Judge
                                    United States District Court